IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

**STATE OF TENNESSEE v. BRIAN ALLEN SPEARS**

**Appeal from the Circuit Court for Sevier County**
**No. CR15034       Don R. Ash, Senior Judge**

_____

**No. E2017-01458-CCA-R3-CD**

_____

The Defendant, Brian Allen Spears, appeals as of right from the Sevier County Circuit Court's judgment revoking his community corrections sentence and ordering the Defendant to serve the remainder of his sentence in confinement. The Defendant argues that the trial court abused its discretion in ordering the sentence served in confinement. The State has filed a motion to affirm the trial court's judgment pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals. Following our review, we conclude that the State's motion is well-taken and affirm the order of the trial court.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ROBERT H. MONTGOMERY, JR., JJ., joined.

Edward C. Miller, District Public Defender; and Aaron M. Kimsey, Assistant Public Defender, Sevierville, Tennessee, for the appellant, Brian Allen Spears.

Herbert H. Slatery III, Attorney General and Reporter;, Renee W. Turner, Senior Counsel; James B. Dunn, District Attorney General; and Ronald C. Newcomb, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

On September 14, 2010, the Defendant entered an open plea to one count of sale of .5 grams or more of cocaine. At sentencing, the trial court imposed a sentence of eight years' incarceration suspended after the service of one year of confinement with the balance to be served on community corrections supervision. As additional conditions, the

Defendant was ordered to pay a $2,000 fine plus court costs, perform 50 hours of community service, complete a 60-day inpatient treatment program and maintain employment. On August 24, 2012, a violation warrant issued alleging that the Defendant failed to report to his community corrections officer, complete his community service hours, pay any fines or costs, or maintain employment. On June 21, 2017, the Defendant pleaded guilty to the violations. The Defendant explained that he had experienced the death of several close family members and had moved with his mother into his grandmother's home, but he admitted that he had failed to report for over four years. He asked to be returned to community corrections supervision. The trial court found that the Defendant had absconded and ordered the balance of the sentence to be served in confinement.

The Defendant contends that the trial court abused its discretion by ordering him to serve the remainder of his sentence in confinement. The State argues that the record supports the trial court's judgment.

The Tennessee Supreme Court has held that the same principles that apply in the revocation of probation also apply in the revocation of community corrections. State v. Harkins, 811 S.W.2d 79, 83 (Tenn. 1991). The revocation of community corrections, like the revocation of probation, rests within the sound discretion of the trial court. Id. An appellate court will uphold a trial court's decision to revoke probation or community corrections absent an abuse of discretion. State v. Beard, 189 S.W.3d 730, 735 (Tenn. Crim. App. 2005); State v. Webb, 130 S.W.3d 799, 842 (Tenn. Crim. App. 2003) (quoting Harkins, 811 S.W.2d at 82).

The community corrections program was created as an alternative to incarceration that provides flexibility and promotes accountability, while reducing the number of "nonviolent felony offenders" in the state prison system. Tenn. Code Ann. § 40-36-104; see also State v. Estep, 854 S.W.2d 124, 126-27 (Tenn. Crim. App. 1992) ("[T]he community corrections sentence provides a desired degree of flexibility that may be both beneficial to the defendant yet serve legitimate societal purposes."). While the program provides defendants with freedom that would otherwise be removed if the defendant had been incarcerated, there are specific remedies available to the trial court to ensure that those who fail to comply with the program are sufficiently penalized for their noncompliance. See Tenn. Code Ann. § 40-36-106(e)(4).

Pursuant to Tennessee Code Annotated section 40-35-311(e), the trial court is required only to find that the violation of a community corrections sentence occurred by a preponderance of the evidence. Once there is sufficient evidence to establish a violation of a community corrections sentence, the trial court has the authority to revoke the community corrections sentence. See Tenn. Code Ann. § 40-36-106(e). The trial court

may then "resentence the defendant to any appropriate sentencing alternative, including incarceration, for any period of time up to the maximum sentence provided for the offense committed, less any time actually served in any community-based alternative to incarceration." Tenn. Code Ann. § 40-36-106(e)(4).

The trial court needed only to find that a revocation of the Defendant's sentence was warranted by a preponderance of the evidence. The Defendant does not dispute that he was in violation of the terms of his sentence and does not contest the trial court's revocation of his community corrections sentence. The Defendant admitted that he did not report to his community corrections officer for over four years. Having revoked the Defendant's community corrections sentence, it was within the trial court's discretion to order the Defendant to serve the remainder of his sentence in confinement. Accordingly, we conclude that the trial court did not abuse its discretion and that this issue is without merit. The Defendant is not entitled to relief.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we affirm the judgment of the Sevier County Circuit Court pursuant to Rule 20 of the Rules of the Tennessee Court of Criminal Appeals.

_____
D. KELLY THOMAS, JR., JUDGE